Craig C. Marchiando (SBN 283829)
**CONSUMER LITIGATION ASSOCIATES, P.C.**
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
Tel: (757) 930-3660
Fax: (757) 930-3662
craig@clalegal.com

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### Southern Division

| | |
|---|---|
| **MELISSA MILLER,** | **Case No.: 8:21-CV-00692** |
| **Plaintiff,** | Honorable Josephine Staton |
| v. | **PLAINTIFF'S RESPONSES TO DEFENDANT'S OBJECTIONS TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED MATERIAL FACTS.** |
| **WESTLAKE SERVICES, LLC d/b/a WESTLAKE FINANCIAL SERVICES,** | |
| **Defendant.** | **Hearing date:** Oct. 28, 2022<br>**Time:** 10:30 a.m.<br>**Location:** Courtroom 8A |

Plaintiff Melissa Miller submits the following responses to Defendant Westlake's objections to Plaintiff's Statement of Uncontroverted Material Facts (ECF 56). Because Westlake did not provide objections in the manner described in the Court's Initial Standing Order (ECF 10), Plaintiff constructed the below two-column format and includes Westlake's objections in the left column, with Plaintiff's responses on the right.

| **DEFENDANT'S OBJECTIONS TO PLAINTIFF'S STATEMENTS OF FACT:** | **PLAINTIFF'S RESPONSES:** |
|---|---|
| 4.  Objection as to relevance; Information as to the underwriting process is irrelevant to whether the investigation conducted by Westlake was allegedly unreasonable. "The court noted that 'a furnisher's obligation to conduct a reasonable investigation under § 1681s– 2(b)(1)(A) arises when it receives a notice of dispute from a CRA'" *Kim v. BMW Fin Servs NA, LLC*, 142 F.Supp.3d 935 (C.D. Cal. 2015).<br><br>**Disputed.**<br><br>It has not been established that any individual(s) other than Plaintiff presented a photocopy of her driver's license. Further, it is inconclusive whether Plaintiff was a victim of identity theft, as Plaintiff herself stated that per the Huntington Beach Police Department investigator, the investigation was still ongoing. Miller Dep. at 45:1-5. (Berardino Decl. Ex. O)<br><br>On Plaintiff's credit application with Westlake, her employer's listed address phone number are correct. Miller Dep. at 59:1-3 and 7-10; 60:23-25; (Berardino Decl. Ex. U) Additionally, on the Westlake employment verification form, her job title of "instructional assistant," her monthly income of $2,240.58, her hours worked per week, and her supervisor were accurate. Miller Dep. at 61:6-24. (Berardino Decl. Ex. T) | Objections as to relevance are inappropriate. *See Montoya v. Orange County Sherriff's Dept.*, 987 F. Supp. 2d 981, 994 (C.D. Cal. 2013) (Objections based on Rule 401 (relevance) and Rule 403 are inapplicable at the summary judgment stage. Summary judgment can be granted "only when there is no genuine dispute of material fact. It cannot rely on irrelevant facts, and thus relevance objections are redundant." *Burch v. Regents of Univ. Cal.*, 433 F.Supp.2d 1110, 1119 (E.D. Cal. 2006) *Tombstone, City of v. United States,* 2015 U.S. Dist. LEXIS 188559, *8,<br><br>Boilerplate objections are also likewise improper. "The Court will not consider Defendants' blanket or boilerplate objections. *See Doe v. Starbucks, Inc.*, No. 08-0582, 2009 U.S. Dist. LEXIS 118878, 2009 WL 5183773, at *1 (C.D. Cal. Dec. 18, 2009); (Standing Order Regarding Newly Assigned Cases Rule 8(c)(iii))." *FTC v. Kutzner*, 2017 U.S. Dist. LEXIS 174299, *7 "In motions for summary judgment with numerous objections, it is often unnecessary and impractical for a court to methodically scrutinize each objection and give a full analysis of each argument raised." *Doe v. Starbucks, Inc.*, 2009 WL 5183773, at *1. "This is especially true when many of the objections are boilerplate recitations of evidentiary principles or blanket objections without analysis applied to specific items of evidence." *Id.*; *see also Stonefire Grill, Inc. v. FGF Brands, Inc.*, 987 F. Supp. 2d 1023, 1033 (C.D. Cal. 2013) (explaining that "the Court will not scrutinize each objection and give a full analysis of identical objections raised as to each fact"). *FTC v. Kutzner*, 2017 U.S. Dist. LEXIS 174299, *7.<br><br>"The Court overrules Plaintiff's objections on relevance grounds. To the extent that the Court discusses and relies on evidence in this order, it has found that the evidence is relevant. *See Burch*, 433 F. Supp. 2d at 1119 (noting that, because irrelevant facts cannot give rise to a triable issue, relevance objections are redundant)." *Dependable Hwy. Express, Inc. v. RIM Logistics, Ltd.*, 2019 U.S. Dist. LEXIS 43887, *9. |

| | |
|---|---|
| 5.      Objection as to relevance; Information as to the underwriting process is irrelevant to whether the investigation conducted by Westlake was allegedly unreasonable. "The court noted that 'a furnisher's obligation to conduct a reasonable investigation under § 1681s– 2(b)(1)(A) arises when it receives a notice of dispute from a CRA'" *Kim v. BMW Fin Servs NA, LLC*, 142 F.Supp.3d 935 (C.D. Cal. 2015).<br>Notwithstanding, **Dispute.**<br>Westlake undertook a diligent search of the address by way of conducting a Lexis Nexis search, verifying that Melissa Hamilton's name was associated with the Atlantic Avenue address. Westlake further found the Atlantic address to be a shopping center and requested proof of address. Thereafter the dealer updated the address and provided the lease entered into by Melissa Hamilton as proof. (Bergiman Decl. Ex. SS and TT). | Objections as to relevance are inappropriate. *See Montoya v. Orange County Sherriff's Dept.*, 987 F. Supp. 2d 981, 994 (C.D. Cal. 2013) (Objections based on Rule 401 (relevance) and Rule 403 are inapplicable at the summary judgment stage. Summary judgment can be granted "only when there is no genuine dispute of material fact. It cannot rely on irrelevant facts, and thus relevance objections are redundant." *Burch v. Regents of Univ. Cal.*, 433 F.Supp.2d 1110, 1119 (E.D. Cal. 2006) *Tombstone, City of v. United States,* 2015 U.S. Dist. LEXIS 188559, *8,<br><br>Boilerplate objections are also likewise improper. "The Court will not consider Defendants' blanket or boilerplate objections. *See Doe v. Starbucks, Inc.*, No. 08-0582, 2009 U.S. Dist. LEXIS 118878, 2009 WL 5183773, at *1 (C.D. Cal. Dec. 18, 2009); (Standing Order Regarding Newly Assigned Cases Rule 8(c)(iii))." *FTC v. Kutzner*, 2017 U.S. Dist. LEXIS 174299, *7 "In motions for summary judgment with numerous objections, it is often unnecessary and impractical for a court to methodically scrutinize each objection and give a full analysis of each argument raised." *Doe v. Starbucks, Inc.*, 2009 WL 5183773, at *1. "This is especially true when many of the objections are boilerplate recitations of evidentiary principles or blanket objections without analysis applied to specific items of evidence." *Id.*; *see also Stonefire Grill, Inc. v. FGF Brands, Inc.*, 987 F. Supp. 2d 1023, 1033 (C.D. Cal. 2013) (explaining that "the Court will not scrutinize each objection and give a full analysis of identical objections raised as to each fact"). *FTC v. Kutzner*, 2017 U.S. Dist. LEXIS 174299, *7.<br><br>"The Court overrules Plaintiff's objections on relevance grounds. To the extent that the Court discusses and relies on evidence in this order, it has found that the evidence is relevant. *See Burch*, 433 F. Supp. 2d at 1119 (noting that, because irrelevant facts cannot give rise to a triable issue, relevance objections are redundant)." *Dependable Hwy. Express, Inc. v. RIM Logistics, Ltd.*, 2019 U.S. Dist. LEXIS 43887, *9. |
| 6.      Objection as to relevance; Information as to the underwriting process is irrelevant to whether the | Objections as to relevance are inappropriate. *See Montoya v. Orange County Sherriff's Dept.*, 987 F. Supp. 2d 981, 994 (C.D. Cal. |

investigation conducted by Westlake was allegedly unreasonable. "The court noted that 'a furnisher's obligation to conduct a reasonable investigation under § 1681s–2(b)(1)(A) arises when it receives a notice of dispute from a CRA'" *Kim v. BMW Fin Servs NA, LLC*, 142 F.Supp.3d 935 (C.D. Cal. 2015). Notwithstanding, **Disputed.** Plaintiffs' proferred evidence does not support their alleged fact. Westlake's 30(b)(6) witness responded "yes" when asked if it would be kind of expensive to go out to every place and look.
Westlake 30(b)(6) Dep. at 95:14–17 (Marchiando Decl. Ex. 1).

Westlake undertook a diligent search of the address by way of conducting a Lexis Nexis search, verifying that Melissa Hamilton's name was associated with the Atlantic Avenue address. Westlake further found the Atlantic address to be a shopping center and requested proof of address. Thereafter the dealer updated the address and provided the lease entered into by Melissa Hamilton as proof.
(Bergiman Decl. Ex. SS and TT).

2013) (Objections based on Rule 401 (relevance) and Rule 403 are inapplicable at the summary judgment stage. Summary judgment can be granted "only when there is no genuine dispute of material fact. It cannot rely on irrelevant facts, and thus relevance objections are redundant." *Burch v. Regents of Univ. Cal.*, 433 F.Supp.2d 1110, 1119 (E.D. Cal. 2006) *Tombstone, City of v. United States,* 2015 U.S. Dist. LEXIS 188559, *8,

Boilerplate objections are also likewise improper. "The Court will not consider Defendants' blanket or boilerplate objections. *See Doe v. Starbucks, Inc.*, No. 08-0582, 2009 U.S. Dist. LEXIS 118878, 2009 WL 5183773, at *1 (C.D. Cal. Dec. 18, 2009); (Standing Order Regarding Newly Assigned Cases Rule 8(c)(iii))." *FTC v. Kutzner*, 2017 U.S. Dist. LEXIS 174299, *7 "In motions for summary judgment with numerous objections, it is often unnecessary and impractical for a court to methodically scrutinize each objection and give a full analysis of each argument raised." *Doe v. Starbucks, Inc.*, 2009 WL 5183773, at *1. "This is especially true when many of the objections are boilerplate recitations of evidentiary principles or blanket objections without analysis applied to specific items of evidence." *Id.*; *see also Stonefire Grill, Inc. v. FGF Brands, Inc.*, 987 F. Supp. 2d 1023, 1033 (C.D. Cal. 2013) (explaining that "the Court will not scrutinize each objection and give a full analysis of identical objections raised as to each fact"). *FTC v. Kutzner*, 2017 U.S. Dist. LEXIS 174299, *7.

"The Court overrules Plaintiff's objections on relevance grounds. To the extent that the Court discusses and relies on evidence in this order, it has found that the evidence is relevant. *See Burch*, 433 F. Supp. 2d at 1119 (noting that, because irrelevant facts cannot give rise to a triable issue, relevance objections are redundant)." *Dependable Hwy. Express, Inc. v. RIM Logistics, Ltd.*, 2019 U.S. Dist. LEXIS 43887, *9.

| | |
|---|---|
| 9. Objection as to relevance; Information as to the underwriting process is irrelevant to whether the investigation conducted by Westlake was allegedly unreasonable. "The court noted that 'a furnisher's | Objections as to relevance are inappropriate. *See Montoya v. Orange County Sherriff's Dept.*, 987 F. Supp. 2d 981, 994 (C.D. Cal. 2013) (Objections based on Rule 401 (relevance) and Rule 403 are inapplicable at the summary judgment stage. Summary judgment |

obligation to conduct a reasonable investigation under § 1681s–2(b)(1)(A) arises when it receives a notice of dispute from a CRA'" *Kim v. BMW Fin Servs NA, LLC*, 142 F.Supp.3d 935 (C.D. Cal. 2015). Objection; Compound Question; Plaintiff asserts a fact that includes multiple separate facts within a single purported "fact" - FRE403, 611(a) Notwithstanding, **Dispute.** Westlake called two of Melissa Hamilton's listed references and verified. Westlake called Jessica Hamilton and Brian Banks, both of whom were reached and spoken to. (Bergiman Decl. Ex. UU).

can be granted "only when there is no genuine dispute of material fact. It cannot rely on irrelevant facts, and thus relevance objections are redundant." *Burch v. Regents of Univ. Cal.*, 433 F.Supp.2d 1110, 1119 (E.D. Cal. 2006) *Tombstone, City of v. United States,* 2015 U.S. Dist. LEXIS 188559, *8,

Boilerplate objections are also likewise improper. "The Court will not consider Defendants' blanket or boilerplate objections. *See Doe v. Starbucks, Inc.*, No. 08-0582, 2009 U.S. Dist. LEXIS 118878, 2009 WL 5183773, at *1 (C.D. Cal. Dec. 18, 2009); (Standing Order Regarding Newly Assigned Cases Rule 8(c)(iii))." *FTC v. Kutzner*, 2017 U.S. Dist. LEXIS 174299, *7 "In motions for summary judgment with numerous objections, it is often unnecessary and impractical for a court to methodically scrutinize each objection and give a full analysis of each argument raised." *Doe v. Starbucks, Inc.*, 2009 WL 5183773, at *1. "This is especially true when many of the objections are boilerplate recitations of evidentiary principles or blanket objections without analysis applied to specific items of evidence." *Id.*; *see also Stonefire Grill, Inc. v. FGF Brands, Inc.*, 987 F. Supp. 2d 1023, 1033 (C.D. Cal. 2013) (explaining that "the Court will not scrutinize each objection and give a full analysis of identical objections raised as to each fact"). *FTC v. Kutzner*, 2017 U.S. Dist. LEXIS 174299, *7.

"The Court overrules Plaintiff's objections on relevance grounds. To the extent that the Court discusses and relies on evidence in this order, it has found that the evidence is relevant. *See Burch*, 433 F. Supp. 2d at 1119 (noting that, because irrelevant facts cannot give rise to a triable issue, relevance objections are redundant)." *Dependable Hwy. Express, Inc. v. RIM Logistics, Ltd.*, 2019 U.S. Dist. LEXIS 43887, *9.

Rule 611(a) deals with questioning witnesses and presenting evidence, not how one lists facts in summary-judgment briefing. FED. R. EVID. 611. There is also no "question" that can be construed as "compound."

| | |
|---|---|
| 10.     Objection as to relevance; Information as to the underwriting process is irrelevant to whether the | Objections as to relevance are inappropriate. *See Montoya v. Orange County Sherriff's Dept.*, 987 F. Supp. 2d 981, 994 (C.D. Cal. |

investigation conducted by Westlake was allegedly unreasonable. "The court noted that 'a furnisher's obligation to conduct a reasonable investigation under § 1681s–2(b)(1)(A) arises when it receives a notice of dispute from a CRA'" *Kim v. BMW Fin Servs NA, LLC*, 142 F.Supp.3d 935 (C.D. Cal. 2015). Objection; Compound Question; Plaintiff asserts a fact that includes multiple separate facts within a single purported "fact" - FRE403, 611(a).

2013) (Objections based on Rule 401 (relevance) and Rule 403 are inapplicable at the summary judgment stage. Summary judgment can be granted "only when there is no genuine dispute of material fact. It cannot rely on irrelevant facts, and thus relevance objections are redundant." *Burch v. Regents of Univ. Cal.*, 433 F.Supp.2d 1110, 1119 (E.D. Cal. 2006) *Tombstone, City of v. United States,* 2015 U.S. Dist. LEXIS 188559, *8,

Boilerplate objections are also likewise improper. "The Court will not consider Defendants' blanket or boilerplate objections. *See Doe v. Starbucks, Inc.*, No. 08-0582, 2009 U.S. Dist. LEXIS 118878, 2009 WL 5183773, at *1 (C.D. Cal. Dec. 18, 2009); (Standing Order Regarding Newly Assigned Cases Rule 8(c)(iii))." *FTC v. Kutzner*, 2017 U.S. Dist. LEXIS 174299, *7 "In motions for summary judgment with numerous objections, it is often unnecessary and impractical for a court to methodically scrutinize each objection and give a full analysis of each argument raised." *Doe v. Starbucks, Inc.*, 2009 WL 5183773, at *1. "This is especially true when many of the objections are boilerplate recitations of evidentiary principles or blanket objections without analysis applied to specific items of evidence." *Id.*; *see also Stonefire Grill, Inc. v. FGF Brands, Inc.*, 987 F. Supp. 2d 1023, 1033 (C.D. Cal. 2013) (explaining that "the Court will not scrutinize each objection and give a full analysis of identical objections raised as to each fact"). *FTC v. Kutzner*, 2017 U.S. Dist. LEXIS 174299, *7.

"The Court overrules Plaintiff's objections on relevance grounds. To the extent that the Court discusses and relies on evidence in this order, it has found that the evidence is relevant. *See Burch*, 433 F. Supp. 2d at 1119 (noting that, because irrelevant facts cannot give rise to a triable issue, relevance objections are redundant)." *Dependable Hwy. Express, Inc. v. RIM Logistics, Ltd.*, 2019 U.S. Dist. LEXIS 43887, *9.

Rule 611(a) deals with questioning witnesses and presenting evidence, not how one lists facts in summary-judgment briefing. FED. R. EVID. 611. There is also no "question" that can be construed as "compound."

| | |
|---|---|
| 11. Objection as to relevance; Information as to the underwriting process is irrelevant to whether the investigation conducted by Westlake was allegedly unreasonable. "The court noted that 'a furnisher's obligation to conduct a reasonable investigation under § 1681s–2(b)(1)(A) arises when it receives a notice of dispute from a CRA'" *Kim v. BMW Fin Servs NA, LLC*, 142 F.Supp.3d 935 (C.D. Cal. 2015). | Objections as to relevance are inappropriate. *See Montoya v. Orange County Sherriff's Dept.*, 987 F. Supp. 2d 981, 994 (C.D. Cal. 2013) (Objections based on Rule 401 (relevance) and Rule 403 are inapplicable at the summary judgment stage. Summary judgment can be granted "only when there is no genuine dispute of material fact. It cannot rely on irrelevant facts, and thus relevance objections are redundant." *Burch v. Regents of Univ. Cal.*, 433 F.Supp.2d 1110, 1119 (E.D. Cal. 2006) *Tombstone, City of v. United States,* 2015 U.S. Dist. LEXIS 188559, *8, <br><br> Boilerplate objections are also likewise improper. "The Court will not consider Defendants' blanket or boilerplate objections. *See Doe v. Starbucks, Inc.*, No. 08-0582, 2009 U.S. Dist. LEXIS 118878, 2009 WL 5183773, at *1 (C.D. Cal. Dec. 18, 2009); (Standing Order Regarding Newly Assigned Cases Rule 8(c)(iii))." *FTC v. Kutzner*, 2017 U.S. Dist. LEXIS 174299, *7 "In motions for summary judgment with numerous objections, it is often unnecessary and impractical for a court to methodically scrutinize each objection and give a full analysis of each argument raised." *Doe v. Starbucks, Inc.*, 2009 WL 5183773, at *1. "This is especially true when many of the objections are boilerplate recitations of evidentiary principles or blanket objections without analysis applied to specific items of evidence." *Id.*; *see also Stonefire Grill, Inc. v. FGF Brands, Inc.*, 987 F. Supp. 2d 1023, 1033 (C.D. Cal. 2013) (explaining that "the Court will not scrutinize each objection and give a full analysis of identical objections raised as to each fact"). *FTC v. Kutzner*, 2017 U.S. Dist. LEXIS 174299, *7. <br><br> "The Court overrules Plaintiff's objections on relevance grounds. To the extent that the Court discusses and relies on evidence in this order, it has found that the evidence is relevant. *See Burch*, 433 F. Supp. 2d at 1119 (noting that, because irrelevant facts cannot give rise to a triable issue, relevance objections are redundant)." *Dependable Hwy. Express, Inc. v. RIM Logistics, Ltd.*, 2019 U.S. Dist. LEXIS 43887, *9. |
| 16. Objection; Compound Question; Plaintiff asserts a fact that includes | Objections as to relevance are inappropriate. *See Montoya v. Orange County Sherriff's* |

multiple separate facts within a single purported "fact" – FRE403, 611(a)

**Dispute.**

Plaintiffs' proffered evidence does not support their contention. Plaintiff's Declaration states the following, verbatim:

"4. I never applied for credit with Evolution Auto Sales to purchase a vehicle."
"5. I did not sign a credit application or contract with Evolution Auto Sales, and did not provide my identifying information to anyone so that they could complete or sign those documents."
"6. I did not authorize anyone to sign any documents with Evolution Auto Sales on my behalf"
"7. I did not provide anyone with my drivers license so they could apply for credit with Evolution Auto Sales."
(Berardino Decl. Ex. H)

On Plaintiff's credit application with Westlake, her employers' listed address and phone number are correct. Miller Dep. at 59:1-3 and 7-10; 60:23-25;
(Berardino Decl. Ex. T)

Additionally, on the Westlake employment verification form, her job title of "instructional assistant" was accurate, her monthly income of $2,240.58 was accurate, her hours worked per week was accurate, and her supervisor was accurate. Miller Dep. at 61:6-24 (Berardino Decl. Ex. U)
Additionally, the Huntington Beach Police Department file is still open and they are "still investigating." Miller Dep. at 45:1-5. (Berardino Decl. Ex. O)

*Dept.*, 987 F. Supp. 2d 981, 994 (C.D. Cal. 2013) (Objections based on Rule 401 (relevance) and Rule 403 are inapplicable at the summary judgment stage. Summary judgment can be granted "only when there is no genuine dispute of material fact. It cannot rely on irrelevant facts, and thus relevance objections are redundant." *Burch v. Regents of Univ. Cal.*, 433 F.Supp.2d 1110, 1119 (E.D. Cal. 2006) *Tombstone, City of v. United States,* 2015 U.S. Dist. LEXIS 188559, *8,

Boilerplate objections are also likewise improper. "The Court will not consider Defendants' blanket or boilerplate objections. *See Doe v. Starbucks, Inc.*, No. 08-0582, 2009 U.S. Dist. LEXIS 118878, 2009 WL 5183773, at *1 (C.D. Cal. Dec. 18, 2009); (Standing Order Regarding Newly Assigned Cases Rule 8(c)(iii))." *FTC v. Kutzner*, 2017 U.S. Dist. LEXIS 174299, *7 "In motions for summary judgment with numerous objections, it is often unnecessary and impractical for a court to methodically scrutinize each objection and give a full analysis of each argument raised." *Doe v. Starbucks, Inc.*, 2009 WL 5183773, at *1. "This is especially true when many of the objections are boilerplate recitations of evidentiary principles or blanket objections without analysis applied to specific items of evidence." *Id.*; *see also Stonefire Grill, Inc. v. FGF Brands, Inc.*, 987 F. Supp. 2d 1023, 1033 (C.D. Cal. 2013) (explaining that "the Court will not scrutinize each objection and give a full analysis of identical objections raised as to each fact"). *FTC v. Kutzner*, 2017 U.S. Dist. LEXIS 174299, *7.

"The Court overrules Plaintiff's objections on relevance grounds. To the extent that the Court discusses and relies on evidence in this order, it has found that the evidence is relevant. *See Burch*, 433 F. Supp. 2d at 1119 (noting that, because irrelevant facts cannot give rise to a triable issue, relevance objections are redundant)." *Dependable Hwy. Express, Inc. v. RIM Logistics, Ltd.*, 2019 U.S. Dist. LEXIS 43887, *9.

Rule 611(a) deals with questioning witnesses and presenting evidence, not how one lists facts in summary-judgment briefing. FED. R. EVID.

| | 611. There is also no "question" that can be construed as "compound." |
|---|---|
| 22.    Objection; Assumes a fact not in evidence, i.e., that Plaintiff's identity was stolen.<br><br>**Disputed.** This "fact" is only supported by self-serving testimony It has not been established that any individual(s) other than Plaintiff presented a photocopy of her driver's license. Further, it is inconclusive whether Plaintiff was a victim of identity theft, as Plaintiff herself stated that per the Huntington Beach Police Department investigator, the investigation was still ongoing. Miller Dep. at 45:1-5. (Berardino Decl. Ex. O)<br><br>On Plaintiff's credit application with Westlake, her employer's listed address phone number are correct. Miller Dep. at    59:1-3    and    7-10;    60:23-25; (Berardino Decl. Ex. U) | Plaintiff testified under oath regarding the facts. "Here, the facts stated in Defendant's Statement of Undisputed Facts ("Defendant's Statement") cite to specific paragraphs of sworn declarations for support. (ECF No. 33-1.) Each declarant, aside from Defendant's counsel, is or was employed by Defendant at all times relevant to the instant case. (See ECF Nos. 33-2-33-5.) Each declaration is based on the declarant's actual perception of the events, describing what they experienced throughout Plaintiff's alleged performance of The Contract. (*Id.*)    Thus,    Defendant's    Statement    and supporting declarations are based on personal knowledge and do not assume facts not in evidence nor lack foundation. FED. R. EVID. 602. The Court overrules Plaintiff's objections on the basis of lack of foundation and assuming facts    not    in    evidence." *Dependable Hwy. Express, Inc. v. RIM Logistics, Ltd*., 2019 U.S. Dist. LEXIS 43887, *9 |
| 35.    Objection as to the vague and ambiguous phrases "Westlake's dispute investigators" and "process disputes" which Plaintiffs' proffered evidence does not clarify. | "The Court will not consider Defendants' blanket or boilerplate objections. *See Starbucks, Inc.*, 2009 U.S. Dist. LEXIS 118878, 2009 WL 5183773, at *1; (Standing Order Regarding Newly Assigned Cases Rule 8(c)(iii))". *FTC v. Kutzner*, 2017 U.S. Dist. LEXIS 174299, *7 |
| 44.    Objection as to the vague and ambiguous phrasing of "Testified similarly to Mr. Mata" which Plaintiffs' proffered evidence does not clarify.<br>**Disputed.**<br><br>It is unclear on exactly what topic Plaintiff is claiming that Ms. Campos testified similarly to Mata. Both Ms. Campos and Mr. Mata have collective deposition transcript page count of 306 pages.<br><br>Although Mr. Mata did look at the substance of the consumer letter, Ms. Campos did state that she would scan the consumer letter and look for | "The Court will not consider Defendants' blanket or boilerplate objections. *See Starbucks, Inc.*, 2009 U.S. Dist. LEXIS 118878, 2009 WL 5183773, at *1; (Standing Order Regarding Newly Assigned Cases Rule 8(c)(iii))". *FTC v. Kutzner*, 2017 U.S. Dist. LEXIS 174299, *7 |

| | |
|---|---|
| helpful information. It is unclear as to how Plaintiff is contending these individuals testified similarly, when in reviewing Plaintiffs' own proffered evidence for this contention, Ms. Campos and Mr. Mata did not testify similarly.<br>**Mata Dep.** at 107:14–17, 108:10–109:16<br>**Campos Dep.** at 77:8–16<br>(Berardino Decl. Exs. L and M)<br><br>Additionally, Karen Campos, one of Westlake's credit dispute analysts, conducts the outlines tasks in reference to account specific disputes, payment history, payment amount, etc.<br><br>Westlake's legal department investigates identity theft disputes.<br>**Mata Dep.** at 107:2-7; 109:17-20; 111:13-16;<br>**Campos Dep.** at 37:13-25; 38:1-13;60:18-25; 61:1-11; 71:7-12; 85:6-7;<br>**Cruz Dep.** at 23:8-14; 24:4-14; 25:3-24; 72:19-25; 73:1-15 & 17-25; 74:1; 75:10-16; 76:11-18; 83:21-25; 84:1-5<br>**Westlake 30(b)(6) Dep.** at 277:19-24; 279:4-20; 280:16-20; 228:14-23; 246:18-23;<br>(Bergiman Decl. ¶¶20, 22, 23, and 24)<br>(Berardino Decl. Exhibit V)<br>(Bergiman Decl. Ex. WW). | |
| 49.    Objection as to relevance. The Ninth Circuit has held that "a furnisher's initial failure to comply with reporting that a debt is disputed is not privately enforceable." While this does not obliviate the furnisher of their obligation to correct the omission after investigation, the initial reporting is not actionable prior to investigation. *Gorman v. Wolpoff & Abramson, LLP.*, 584 F.3d 1147, 1163-1164 (2009).<br>Notwithstanding, **undisputed.** | Objections as to relevance are inappropriate. *See Montoya v. Orange County Sherriff's Dept.*, 987 F. Supp. 2d 981, 994 (C.D. Cal. 2013) (Objections based on Rule 401 (relevance) and Rule 403 are inapplicable at the summary judgment stage. Summary judgment can be granted "only when there is no genuine dispute of material fact. It cannot rely on irrelevant facts, and thus relevance objections are redundant." *Burch v. Regents of Univ. Cal.*, 433 F.Supp.2d 1110, 1119 (E.D. Cal. 2006) *Tombstone, City of v. United States,* 2015 U.S. Dist. LEXIS 188559, *8,<br><br>Boilerplate objections are also likewise improper. "The Court will not consider Defendants' blanket or boilerplate objections. |

| | |
|---|---|
| | *See Doe v. Starbucks, Inc.*, No. 08-0582, 2009 U.S. Dist. LEXIS 118878, 2009 WL 5183773, at \*1 (C.D. Cal. Dec. 18, 2009); (Standing Order Regarding Newly Assigned Cases Rule 8(c)(iii)).” *FTC v. Kutzner*, 2017 U.S. Dist. LEXIS 174299, \*7 “In motions for summary judgment with numerous objections, it is often unnecessary and impractical for a court to methodically scrutinize each objection and give a full analysis of each argument raised.” *Doe v. Starbucks, Inc.*, 2009 WL 5183773, at \*1. “This is especially true when many of the objections are boilerplate recitations of evidentiary principles or blanket objections without analysis applied to specific items of evidence.” *Id.*; *see also Stonefire Grill, Inc. v. FGF Brands, Inc.*, 987 F. Supp. 2d 1023, 1033 (C.D. Cal. 2013) (explaining that “the Court will not scrutinize each objection and give a full analysis of identical objections raised as to each fact”). *FTC v. Kutzner*, 2017 U.S. Dist. LEXIS 174299, \*7.

“The Court overrules Plaintiff’s objections on relevance grounds. To the extent that the Court discusses and relies on evidence in this order, it has found that the evidence is relevant. *See Burch*, 433 F. Supp. 2d at 1119 (noting that, because irrelevant facts cannot give rise to a triable issue, relevance objections are redundant).” *Dependable Hwy. Express, Inc. v. RIM Logistics, Ltd.*, 2019 U.S. Dist. LEXIS 43887, \*9. |
| 55. Objection as to the vague and ambiguous phrasing of “created.”<br><br>**Disputed.**<br><br>First, Plaintiff failed to furnish Westlake with an Identity Theft Affidavit, as requested from Plaintiff numerous times. (Bergiman Decl. ¶18, Ex. LL and MM).<br><br>Westlake, while giving weight to completed police reports does not place much weight on calls from individuals claiming to be the police because it receives hundreds, if not thousands, of call from claiming to be someone they are not. (Bergiman Decl. Ex. OO). | “The Court will not consider Defendants' blanket or boilerplate objections. *See Starbucks, Inc.*, 2009 U.S. Dist. LEXIS 118878, 2009 WL 5183773, at \*1; (Standing Order Regarding Newly Assigned Cases Rule 8(c)(iii))”. *FTC v. Kutzner*, 2017 U.S. Dist. LEXIS 174299, \*7 |

| | |
|---|---|
| Notably, the purported detective here did not even identify themselves, and claimed the account was fraudulent, even though to present the investigation is still ongoing pursuant to Miller. (Berardino Decl. Ex. O).<br><br>Additionally, Westlake called the cell number provided by the purported Huntington Beach Police Department detective and is not a number associated with the Huntington Beach Police Department. (Bergiman Decl. ¶19). | |
| 64.    Objection as to relevance, lack of foundation, hearsay. Under the Fair Credit Reporting Act (FCRA), consumers have no private right of action against furnishers of information for reporting inaccurate information to consumer credit reporting agencies (CRAs) regarding consumer accounts; instead, the only private right of action consumers have against furnishers is for a violation of the section of the FCRA requiring furnishers to conduct an investigation following notice of a dispute. 15 U.S.C.A. §§ 1681s-2(b), 1681s-2(c)(1). **Disputed.** Plaintiff's proffered evidence is misleading, in that the CRRG standards are "intended for regular monthly updates to previously-reported ac- counts" and are not the instructions on how to respond to consumer disputes. (Ulzheimer Decl. Ex. G). | Objections as to relevance are inappropriate. *See Montoya v. Orange County Sherriff's Dept.*, 987 F. Supp. 2d 981, 994 (C.D. Cal. 2013) (Objections based on Rule 401 (relevance) and Rule 403 are inapplicable at the summary judgment stage. Summary judgment can be granted "only when there is no genuine dispute of material fact. It cannot rely on irrelevant facts, and thus relevance objections are redundant." *Burch v. Regents of Univ. Cal.*, 433 F.Supp.2d 1110, 1119 (E.D. Cal. 2006) *Tombstone, City of v. United States,* 2015 U.S. Dist. LEXIS 188559, *8,<br><br>Boilerplate objections are also likewise improper. "The Court will not consider Defendants' blanket or boilerplate objections. *See Doe v. Starbucks, Inc.*, No. 08-0582, 2009 U.S. Dist. LEXIS 118878, 2009 WL 5183773, at *1 (C.D. Cal. Dec. 18, 2009); (Standing Order Regarding Newly Assigned Cases Rule 8(c)(iii))." *FTC v. Kutzner*, 2017 U.S. Dist. LEXIS 174299, *7 "In motions for summary judgment with numerous objections, it is often unnecessary and impractical for a court to methodically scrutinize each objection and give a full analysis of each argument raised." *Doe v. Starbucks, Inc.*, 2009 WL 5183773, at *1. "This is especially true when many of the objections are boilerplate recitations of evidentiary principles or blanket objections without analysis applied to specific items of evidence." *Id.*; *see also Stonefire Grill, Inc. v. FGF Brands, Inc.*, 987 F. Supp. 2d 1023, 1033 (C.D. Cal. 2013) (explaining that "the Court will not scrutinize each objection and give a full analysis of identical objections raised as to each fact"). *FTC v. Kutzner*, 2017 U.S. Dist. LEXIS 174299, *7. |

|  | "The Court overrules Plaintiff's objections on relevance grounds. To the extent that the Court discusses and relies on evidence in this order, it has found that the evidence is relevant. *See Burch*, 433 F. Supp. 2d at 1119 (noting that, because irrelevant facts cannot give rise to a triable issue, relevance objections are redundant)." *Dependable Hwy. Express, Inc. v. RIM Logistics, Ltd.*, 2019 U.S. Dist. LEXIS 43887, *9.<br><br>"Hearsay is an out of court statement made by a declarant proposed to prove the truth of the matter asserted. FED. R. EVID. 801(c). Hearsay is typically inadmissible unless an exception applies. FED. R. EVID. 801. Here, all of Defendant's Statements were connected to supporting sworn declarations, which were technically not made "out of court." FED. R. EVID. 801(c). Accordingly, the statements are not hearsay." *Dependable Hwy. Express, Inc. v. RIM Logistics, Ltd.*, 2019 U.S. Dist. LEXIS 43887, *9 |
| 65.   Objection as to relevance, lack of foundation, hearsay. Under the Fair Credit Reporting Act (FCRA), consumers have no private right of action against furnishers of information for reporting inaccurate information to consumer credit reporting agencies (CRAs) regarding consumer accounts; instead, the only private right of action consumers have against furnishers is for a violation of the section of the FCRA requiring furnishers to conduct an investigation following notice of a dispute. 15 U.S.C.A. §§ 1681s-2(b), 1681s-2(c)(1).<br><br>**Disputed.**<br><br>Plaintiff's proffered evidence is misleading, in that the CRRG standards are "intended for regular monthly updates to previously-reported ac- counts" and are not the instructions on how to respond to consumer disputes.<br>(Ulzheimer Decl. Ex. G). | Objections as to relevance are inappropriate. *See Montoya v. Orange County Sherriff's Dept.*, 987 F. Supp. 2d 981, 994 (C.D. Cal. 2013) (Objections based on Rule 401 (relevance) and Rule 403 are inapplicable at the summary judgment stage. Summary judgment can be granted "only when there is no genuine dispute of material fact. It cannot rely on irrelevant facts, and thus relevance objections are redundant." *Burch v. Regents of Univ. Cal.*, 433 F.Supp.2d 1110, 1119 (E.D. Cal. 2006) *Tombstone, City of v. United States,* 2015 U.S. Dist. LEXIS 188559, *8,<br><br>Boilerplate objections are also likewise improper. "The Court will not consider Defendants' blanket or boilerplate objections. *See Doe v. Starbucks, Inc.*, No. 08-0582, 2009 U.S. Dist. LEXIS 118878, 2009 WL 5183773, at *1 (C.D. Cal. Dec. 18, 2009); (Standing Order Regarding Newly Assigned Cases Rule 8(c)(iii))." *FTC v. Kutzner*, 2017 U.S. Dist. LEXIS 174299, *7 "In motions for summary judgment with numerous objections, it is often unnecessary and impractical for a court to methodically scrutinize each objection and give a full analysis of each argument raised." *Doe v. Starbucks, Inc.*, 2009 WL 5183773, at *1. "This |

| | |
|---|---|
| | is especially true when many of the objections are boilerplate recitations of evidentiary principles or blanket objections without analysis applied to specific items of evidence." *Id.*; *see also Stonefire Grill, Inc. v. FGF Brands, Inc.*, 987 F. Supp. 2d 1023, 1033 (C.D. Cal. 2013) (explaining that "the Court will not scrutinize each objection and give a full analysis of identical objections raised as to each fact"). *FTC v. Kutzner*, 2017 U.S. Dist. LEXIS 174299, *7. |
| | "The Court overrules Plaintiff's objections on relevance grounds. To the extent that the Court discusses and relies on evidence in this order, it has found that the evidence is relevant. *See Burch*, 433 F. Supp. 2d at 1119 (noting that, because irrelevant facts cannot give rise to a triable issue, relevance objections are redundant)." *Dependable Hwy. Express, Inc. v. RIM Logistics, Ltd.*, 2019 U.S. Dist. LEXIS 43887, *9. |
| 66.    Objection as to relevance, lack of foundation, hearsay. Under the Fair Credit Reporting Act (FCRA), consumers have no private right of action against furnishers of information for reporting inaccurate information to consumer credit reporting agencies CRAs) regarding consumer accounts; instead, the only private right of action consumers have against furnishers is for a violation of the section of the FCRA requiring furnishers to conduct an investigation following notice of a dispute. 15 U.S.C.A. §§ 1681s-2(b), 1681s-2(c)(1). <br><br> Disputed. <br><br> Plaintiff's proffered evidence is misleading, in that the CRRG standards are "intended for regular monthly updates to previously-reported ac- counts" and are not the instructions on how to respond to consumer disputes. (Ulzheimer Decl. Ex. G). | Objections as to relevance are inappropriate. *See Montoya v. Orange County Sherriff's Dept.*, 987 F. Supp. 2d 981, 994 (C.D. Cal. 2013) (Objections based on Rule 401 (relevance) and Rule 403 are inapplicable at the summary judgment stage. Summary judgment can be granted "only when there is no genuine dispute of material fact. It cannot rely on irrelevant facts, and thus relevance objections are redundant." *Burch v. Regents of Univ. Cal.*, 433 F.Supp.2d 1110, 1119 (E.D. Cal. 2006) *Tombstone, City of v. United States,* 2015 U.S. Dist. LEXIS 188559, *8, <br><br> Boilerplate objections are also likewise improper. "The Court will not consider Defendants' blanket or boilerplate objections. *See Doe v. Starbucks, Inc.*, No. 08-0582, 2009 U.S. Dist. LEXIS 118878, 2009 WL 5183773, at *1 (C.D. Cal. Dec. 18, 2009); (Standing Order Regarding Newly Assigned Cases Rule 8(c)(iii))." *FTC v. Kutzner*, 2017 U.S. Dist. LEXIS 174299, *7 "In motions for summary judgment with numerous objections, it is often unnecessary and impractical for a court to methodically scrutinize each objection and give a full analysis of each argument raised." *Doe v. Starbucks, Inc.*, 2009 WL 5183773, at *1. "This is especially true when many of the objections are boilerplate recitations of evidentiary principles or blanket objections without |

| | |
|---|---|
| | analysis applied to specific items of evidence." *Id.*; *see also Stonefire Grill, Inc. v. FGF Brands, Inc.*, 987 F. Supp. 2d 1023, 1033 (C.D. Cal. 2013) (explaining that "the Court will not scrutinize each objection and give a full analysis of identical objections raised as to each fact"). *FTC v. Kutzner*, 2017 U.S. Dist. LEXIS 174299, *7. "The Court overrules Plaintiff's objections on relevance grounds. To the extent that the Court discusses and relies on evidence in this order, it has found that the evidence is relevant. *See Burch*, 433 F. Supp. 2d at 1119 (noting that, because irrelevant facts cannot give rise to a triable issue, relevance objections are redundant)." *Dependable Hwy. Express, Inc. v. RIM Logistics, Ltd.*, 2019 U.S. Dist. LEXIS 43887, *9. |
| 67.    Objection as to relevance. Under the Fair Credit Reporting Act (FCRA), consumers have no private right of action against furnishers of information for reporting inaccurate information to consumer credit reporting agencies (CRAs) regarding consumer accounts; instead, the only private right of action consumers have against furnishers is for a violation of the section of the FCRA requiring furnishers to conduct an investigation following notice of a dispute. 15 U.S.C.A. §§ 1681s-2(b), 1681s-2(c)(1). Additionally, Westlake is not required to use compliance condition codes when communicating dispute results to the CRAs. **Disputed.** Plaintiff's proffered evidence is misleading, in that the CRRG standards are "intended for regular monthly updates to previously-reported ac- counts" and are not the instructions on how to respond to consumer disputes. (Ulzheimer Decl. Ex. G). | Objections as to relevance are inappropriate. *See Montoya v. Orange County Sherriff's Dept.*, 987 F. Supp. 2d 981, 994 (C.D. Cal. 2013) (Objections based on Rule 401 (relevance) and Rule 403 are inapplicable at the summary judgment stage. Summary judgment can be granted "only when there is no genuine dispute of material fact. It cannot rely on irrelevant facts, and thus relevance objections are redundant." *Burch v. Regents of Univ. Cal.*, 433 F.Supp.2d 1110, 1119 (E.D. Cal. 2006) *Tombstone, City of v. United States,* 2015 U.S. Dist. LEXIS 188559, *8, Boilerplate objections are also likewise improper. "The Court will not consider Defendants' blanket or boilerplate objections. *See Doe v. Starbucks, Inc.*, No. 08-0582, 2009 U.S. Dist. LEXIS 118878, 2009 WL 5183773, at *1 (C.D. Cal. Dec. 18, 2009); (Standing Order Regarding Newly Assigned Cases Rule 8(c)(iii))." *FTC v. Kutzner*, 2017 U.S. Dist. LEXIS 174299, *7 "In motions for summary judgment with numerous objections, it is often unnecessary and impractical for a court to methodically scrutinize each objection and give a full analysis of each argument raised." *Doe v. Starbucks, Inc.*, 2009 WL 5183773, at *1. "This is especially true when many of the objections are boilerplate recitations of evidentiary principles or blanket objections without analysis applied to specific items of evidence." *Id.*; *see also Stonefire Grill, Inc. v. FGF* |

| | |
|---|---|
| | *Brands, Inc.*, 987 F. Supp. 2d 1023, 1033 (C.D. Cal. 2013) (explaining that "the Court will not scrutinize each objection and give a full analysis of identical objections raised as to each fact"). *FTC v. Kutzner*, 2017 U.S. Dist. LEXIS 174299, *7. |
| | "The Court overrules Plaintiff's objections on relevance grounds. To the extent that the Court discusses and relies on evidence in this order, it has found that the evidence is relevant. *See Burch*, 433 F. Supp. 2d at 1119 (noting that, because irrelevant facts cannot give rise to a triable issue, relevance objections are redundant)." *Dependable Hwy. Express, Inc. v. RIM Logistics, Ltd.*, 2019 U.S. Dist. LEXIS 43887, *9. |
| 68.   Objection as to relevance. Under the Fair Credit Reporting Act (FCRA), consumers have no private right of action against furnishers of information for reporting inaccurate information to consumer credit reporting agencies (CRAs) regarding consumer accounts; instead, the only private right of action consumers have against furnishers is for a violation of the section of the FCRA requiring furnishers to conduct an investigation following notice of a dispute. 15 U.S.C.A. §§ 1681s-2(b), 1681s-2(c)(1).           Additionally, Westlake is not required to use compliance condition codes when communicating dispute results to the CRAs.<br><br>**Disputed.**<br><br>Plaintiff's proffered evidence is misleading, in that the CRRG standards are "intended for regular monthly updates to previously-reported ac- counts" and are not the instructions on how to respond to consumer disputes. (Ulzheimer Decl. Ex. G).<br><br>Additionally, Westlake's 30(b)(6) witness oversees the individuals who work with the Sonnet Application daily, and did not work on Miller's application himself, and was | Objections as to relevance are inappropriate. *See Montoya v. Orange County Sherriff's Dept.*, 987 F. Supp. 2d 981, 994 (C.D. Cal. 2013) (Objections based on Rule 401 (relevance) and Rule 403 are inapplicable at the summary judgment stage. Summary judgment can be granted "only when there is no genuine dispute of material fact. It cannot rely on irrelevant facts, and thus relevance objections are redundant." *Burch v. Regents of Univ. Cal.*, 433 F.Supp.2d 1110, 1119 (E.D. Cal. 2006) *Tombstone, City of v. United States,* 2015 U.S. Dist. LEXIS 188559, *8,<br><br>Boilerplate objections are also likewise improper. "The Court will not consider Defendants' blanket or boilerplate objections. *See Doe v. Starbucks, Inc.*, No. 08-0582, 2009 U.S. Dist. LEXIS 118878, 2009 WL 5183773, at *1 (C.D. Cal. Dec. 18, 2009); (Standing Order Regarding Newly Assigned Cases Rule 8(c)(iii))." *FTC v. Kutzner*, 2017 U.S. Dist. LEXIS 174299, *7 "In motions for summary judgment with numerous objections, it is often unnecessary and impractical for a court to methodically scrutinize each objection and give a full analysis of each argument raised." *Doe v. Starbucks, Inc.*, 2009 WL 5183773, at *1. "This is especially true when many of the objections are boilerplate recitations of evidentiary principles or blanket objections without analysis applied to specific items of evidence." *Id.*; *see also Stonefire Grill, Inc. v. FGF Brands, Inc.*, 987 F. Supp. 2d 1023, 1033 (C.D. Cal. 2013) (explaining that "the Court will not scrutinize each objection and give a full |

| | |
|---|---|
| therefore unclear as to what was being referenced by Plaintiff's counsel. (Bergiman Decl. ¶34). | analysis of identical objections raised as to each fact"). *FTC v. Kutzner*, 2017 U.S. Dist. LEXIS 174299, *7.<br><br>"The Court overrules Plaintiff's objections on relevance grounds. To the extent that the Court discusses and relies on evidence in this order, it has found that the evidence is relevant. *See Burch*, 433 F. Supp. 2d at 1119 (noting that, because irrelevant facts cannot give rise to a triable issue, relevance objections are redundant)." *Dependable Hwy. Express, Inc. v. RIM Logistics, Ltd.*, 2019 U.S. Dist. LEXIS 43887, *9. |
| 69.   Objection as to relevance. Under the Fair Credit Reporting Act (FCRA), consumers have no private right of action against furnishers of information for reporting inaccurate information to consumer credit reporting agencies (CRAs) regarding consumer accounts; instead, the only private right of action consumers have against furnishers is for a violation of the section of the FCRA requiring furnishers to conduct an investigation following notice of a dispute. 15 U.S.C.A. §§ 1681s-2(b), 1681s-2(c)(1). Additionally, Westlake is not required to use compliance condition codes when communicating dispute results to the CRAs.<br><br>**Disputed.**<br><br>Plaintiff's proffered evidence is misleading, in that the CRRG standards are "intended for regular monthly updates to previously-reported ac- counts" and are not the instructions on how to respond to consumer disputes. (Ulzheimer Decl. Ex. G). | Objections as to relevance are inappropriate. *See Montoya v. Orange County Sherriff's Dept.*, 987 F. Supp. 2d 981, 994 (C.D. Cal. 2013) (Objections based on Rule 401 (relevance) and Rule 403 are inapplicable at the summary judgment stage. Summary judgment can be granted "only when there is no genuine dispute of material fact. It cannot rely on irrelevant facts, and thus relevance objections are redundant." *Burch v. Regents of Univ. Cal.*, 433 F.Supp.2d 1110, 1119 (E.D. Cal. 2006) *Tombstone, City of v. United States,* 2015 U.S. Dist. LEXIS 188559, *8,<br><br>Boilerplate objections are also likewise improper. "The Court will not consider Defendants' blanket or boilerplate objections. *See Doe v. Starbucks, Inc.*, No. 08-0582, 2009 U.S. Dist. LEXIS 118878, 2009 WL 5183773, at *1 (C.D. Cal. Dec. 18, 2009); (Standing Order Regarding Newly Assigned Cases Rule 8(c)(iii))." *FTC v. Kutzner*, 2017 U.S. Dist. LEXIS 174299, *7 "In motions for summary judgment with numerous objections, it is often unnecessary and impractical for a court to methodically scrutinize each objection and give a full analysis of each argument raised." *Doe v. Starbucks, Inc.*, 2009 WL 5183773, at *1. "This is especially true when many of the objections are boilerplate recitations of evidentiary principles or blanket objections without analysis applied to specific items of evidence." *Id.*; *see also Stonefire Grill, Inc. v. FGF Brands, Inc.*, 987 F. Supp. 2d 1023, 1033 (C.D. Cal. 2013) (explaining that "the Court will not scrutinize each objection and give a full analysis of identical objections raised as to each fact"). *FTC v. Kutzner*, 2017 U.S. Dist. LEXIS 174299, *7. |

| | |
|---|---|
| | "The Court overrules Plaintiff's objections on relevance grounds. To the extent that the Court discusses and relies on evidence in this order, it has found that the evidence is relevant. *See Burch*, 433 F. Supp. 2d at 1119 (noting that, because irrelevant facts cannot give rise to a triable issue, relevance objections are redundant)." *Dependable Hwy. Express, Inc. v. RIM Logistics, Ltd.*, 2019 U.S. Dist. LEXIS 43887, *9. |
| 76.      Objection; calls for legal conclusion<br><br>Notwithstanding, **Disputed.**<br><br>Westlake's dispute investigation procedures are drafted by its Legal and Compliance department based on review of applicable statutes and cases. (Bergiman Decl. ¶36). | "The Court will not consider Defendants' blanket or boilerplate objections. *See Starbucks, Inc.*, 2009 U.S. Dist. LEXIS 118878, 2009 WL 5183773, at *1; (Standing Order Regarding Newly Assigned Cases Rule 8(c)(iii))". *FTC v. Kutzner*, 2017 U.S. Dist. LEXIS 174299, *7 |

October 14, 2022

Respectfully submitted,

**MELISSA MILLER,**

By:   */s/ Craig C. Marchiando*
Craig C. Marchiando (SBN 283829)
Leonard A. Bennett (*pro hac vice*)
**CONSUMER LITIGATION ASSOCIATES, P.C.**
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
Tel.: (757) 930-3660
Fax: (757) 930-3662
craig@clalegal.com

Octavio Gomez (*pro hac vice*)
**THE CONSUMER LAWYERS**
412 E. Madison #916
Tampa, FL 33602
Phone: 844-855-9000
Mobile: 813 299 8537
Fax:    844-951-3933
Email:  Tav@TheConsumerLawyers.com

*Counsel for Plaintiff*