**LOKER LAW, APC**
Matthew M. Loker, Esq. (279939)
matt@loker.law
1303 East Grand Avenue, Suite 101
Arroyo Grande, CA 93420
Telephone: (805) 994-0177

**CONSUMER LITIGATION ASSOCIATES, P.C.**
Craig C. Marchiando, Esq.
craig@clalegal.com
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
Telephone: (757) 930-3660

*Attorney for Plaintiff,*
Melissa Miller

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MELISSA MILLER,**<br><br>Plaintiff,<br><br>v.<br><br>**WESTLAKE SERVICES, LLC D/B/A WESTLAKE FINANCIAL SERVICES,**<br><br>Defendant. | **Case No.:** CV21-692 JLS (KESx)<br><br>**PLAINTIFF MELISSA MILLER'S EVIDENTIARY OBJECTION RE: DECLARATION OF JOHN ULZHEIMER, ECF NO. 55-1**<br><br>**HON. JOSEPHINE L. STATON** |

CASE NO.: CV21-692 JLS (KESx)                    *Miller v. Westlake Services, LLC*

PLAINTIFF MELISSA MILLER'S OBJECTION RE: DECLARATION OF JOHN ULZHEIMER, ECF NO. 55-1

| EVIDENCE | OBJECTION |
|---|---|
| Declaration of John Ulzheimer; and, Exhibit G attached thereto, Expert Report of John Ulzheimer, ECF No. 55-1 | "A trial court can only consider admissible evidence in ruling on a motion for summary judgment." *Stafford v. PNC Bank*, No. EDCV 21-256 JGB (SHKx), 2022 U.S. Dist. LEXIS 144456, at *4 (C.D. Cal. Aug. 12, 2022) citing *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002); and, Fed. R. Civ. P. 56(e). "At the summary judgment stage, district courts consider evidence with content that would be admissible at trial, even if the form of the evidence would not be admissible at trial." *Id*., citing *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003).<br><br>Here, Plaintiff MELISSA MILLER ("Miller") objects to the Declaration and Expert Report of John Ulzheimer due to Defendant WESTLAKE SERVICES, LLC's ("Westlake") failure to timely produce this Expert and Rebuttal Report in compliance with the Scheduling Order, ECF No. 24. Ulzheimer's Expert Report was due by August 12, 2022 at the latest. [*Id*.]. Despite this requirement, Westlake failed to produce Ulzheimer's Expert Report at any point prior to utilizing it in support of its Motion. This failure to timely produce Ulzheimer's Report precludes Westlake from relying upon it in support of its Opposition because it is not admissible at any time. *See Estate of Rodriguez v. Solis*, No. CV 18-6577-GW(JCx), 2021 U.S. Dist. LEXIS 174995, at *12-13 (C.D. Cal. Aug. 12, 2021) citing *Mycoski, LLC v. Ebuys, Inc.*, 293 F. Supp. 3d 1076, 1081 (C.D. Cal. 2017); *Lawrence v. City and Cnty. of San Francisco*, 258 F. Supp. 3d 977, 986 (N.D. Cal. 2017); *De Amaral v. Goldsmith & Hull*, 2014 U.S. Dist. LEXIS 18568, at *2-3 (N.D. Cal. Feb. 11, 2014); and, *Enodis Corp. v. Emp.'s Ins. Co. of Wausau*, 2008 WL 11338033, at *1 (C.D. Cal. Nov. 26, 2008). |

Federal Rule of Civil Procedure 26(a)(2)(B) states that a retained expert must provide a written report containing, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them; [and] the data or other information considered by the witness in forming them; [and] any exhibits that will be used to summarize or support them." The purpose of Rule 26(a) is to prevent unfair surprise at trial and to permit the opposing party to prepare rebuttal reports, to depose the expert, and to prepare for depositions and cross-examination at trial. *See Minebea Co., Ltd. v. Papst*, 231 F.R.D. 3, 5-6 (Dist. D.C. 2005). The Rule also prevents experts from "lying in wait" to express new opinions at the last minute, thereby denying the opposing party the opportunity to depose the expert on the new information, to closely examine the expert's new testimony, or prejudice the opposing party's ability to designate and produce rebuttal expert testimony and evidence. *See Id*. at 6. Moreover, Rule 37(c)(1) requires the exclusion at trial of any information not disclosed pursuant to Rule 26(a).

In addition, Westlake has lodged Ulzheimer's untimely report without even seeking leave to amend the scheduling order. "Rule 16(b) provides that a Court must enter a scheduling order 'as soon as practicable' within time limits set by the Rule." *Santillan v. United States Waste of Cal., Inc.*, No. CV14-0335 AB (SSx), 2019 U.S. Dist. LEXIS 67545, at *9 (C.D. Cal. Mar. 27, 2019). "Pursuant to the Rule, the scheduling order 'must limit the time to join other parties, amend the pleadings, complete discovery, and file motions.'" *Id*. citing Fed. R. Civ. P. 16(b)(3)(A). "'The objective of Rule 16 is to expedite and manage the disposition of a particular action.'" *Id*. citing *Atchison, Topeka & Santa Fe Ry. Co. v. Hercules Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1988).

"[A] scheduling order may be modified only upon a showing of good cause and with the judge's consent."  *Id.*; and, *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).  As the Ninth Circuit has explained,

> A scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.' *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985).  The district court's decision to honor the terms of its binding scheduling order does not simply exact procedural technicalities over the merits of [plaintiff's] case.  Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of litigation, and reward the indolent and cavalier.  Rule 16 was drafted to prevent this situation…

*Id.* citing to *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992); *L.H. v. Schwarzenegger*, 2008 U.S. Dist. LEXIS 9632, at *6 (E.D. Cal. Jan. 29, 2008) ("Rule 16 and the court's scheduling order are not optional directives, the court is bound by them."); *Tessera, Inc. v. Sony Corp.*, 2013 U.S. Dist. LEXIS 2311, at *3 (N.D. Cal. Jan. 7, 2013) ("A scheduling order is not a mere suggestion or a trifle that can be disregarded when it becomes inconvenient; it is an order from the court.  Just like any other order, the court expects compliance.").

Here, Westlake's failure to abide by the Scheduling Order precludes Westlake from utilizing Ulzheimer's Expert Report in support of its Opposition. As noted above, "[w]hen a party fails to disclose information during discovery, 'the party is not allowed to use that information…to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless.'" *Firstsource Sols. USA, LLC v. Tulare Reg'l Med. Ctr.*, No. 1:15-cv-01136-DAD-EPG, 2018 U.S. Dist. LEXIS 99366, at *16 (E.D. Cal. June 12, 2018). Thus, Miller requests this Court disregard Ulzheimer's Declaration and Expert Report in ruling upon Miller's Motion. *See, e.g., Int'l Med. Devices, Inc. v. Cornell*, No. 2:20-cv-03503-CBM (RAOx), 2022 U.S. Dist. LEXIS 128802, at *19 (C.D. Cal. June 16, 2022) ("Expert disclosures must take place at the times and in the sequence that a court orders.").

October 14, 2022

Respectfully submitted,

**MELISSA MILLER,**

By: __*/s/ Craig C. Marchiando*__
Craig C. Marchiando (SBN 283829)
Leonard A. Bennett (*pro hac vice*)
**CONSUMER LITIGATION ASSOCIATES, P.C.**
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
Tel.: (757) 930-3660
Fax: (757) 930-3662
craig@clalegal.com

*Counsel for Plaintiff*